IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHRISTOPHER HARTSFIELD, JR.                                                              PLAINTIFF

v.                                         Case No. 1:23-cv-1056

LEROY MARTIN; GEAN SIEGER;
COLUMBIA COUNTY JAIL;
and JERRY MANESS                                                                        DEFENDANTS

## ORDER

Before the Court is Plaintiff Christopher Hartsfield, Jr.'s failure to comply with Orders of the Court and to prosecute this matter. Plaintiff originally submitted this 42 U.S.C. § 1983 action *pro se* on June 9, 2023, in the United States District Court for the Eastern District of Arkansas. ECF No. 1. The Eastern District transferred the case to this Court on June 14, 2023. ECF No. 3.

On June 20, 2023, the Court entered an order directing Plaintiff to file an application to proceed *in forma paupris* ("IFP") as he failed to do so with his Complaint. ECF No. 6. The Court directed Plaintiff to respond with the completed IFP Application or the full filing fee by July 11, 2023. *Id*. The Court also entered an order directing Plaintiff to file an amended complaint by July 11, 2023. ECF No. 7. These Orders were not returned as undeliverable mail.

Plaintiff responded with his Amended Complaint (ECF No. 8), and a partially completed IFP Application (ECF No. 9). However, Plaintiff failed to submit the certification regarding inmate funds held in his name ("Certificate"). Accordingly, the Court entered an Order on July 11, 2023 directing Plaintiff to submit the Certificate by August 1, 2023. ECF No. 10. This Order was not returned as undeliverable mail. Plaintiff failed to respond with the Certificate.

On August 7, 2023, the Court entered an Order to Show Cause why Plaintiff failed to respond to the Court's July 11, 2023 Order. ECF No. 11. This Order to Show Cause was not

returned as undeliverable mail. To date, Plaintiff has not responded or submitted his Certificate.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to prosecute this case and comply with the Court's Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of October, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge